**Babel SALL, Petitioner,**

v.

**Alberto R. GONZALES,* Respondent.**

No. 03–4212–ag.

United States Court of Appeals, Second Circuit.

Oct. 13, 2006.

---

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft.

Roberto Tschudin Lucheme, Glastonbury, Connecticut, for Petitioner.

Patrick J. Fitzgerald, United States Attorney for the Northern District of Illinois, Edmund E. Chang, Ronald L. Dewald, Jr., Craig A. Oswald, Assistant United States Attorneys, Chicago, Illinois, for Respondent.

PRESENT: Hon. RALPH K. WINTER, Hon. JOSÉ A. CABRANES, Hon. ROSEMARY S. POOLER, Circuit Judges.

### SUMMARY ORDER

■ Babel Sall, who claims to be a native and citizen of Mauritania, seeks review of a January 6, 2003 order of the BIA affirming the February 20, 2001 decision of Immigration Judge ("IJ") Adam Opaciuch. The IJ's ruling denied petitioner's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Babel Sall*, No. A 76 106 226 (B.I.A. Jan. 6, 2003), *aff'g* No. A 76 106 226 (Immig. Ct. N.Y. City Feb. 20, 2001). Because Sall has waived his withholding of removal and CAT claims by failing to raise them in his brief to this Court, only his asylum claim is properly before us. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). This Court reviews the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for further proceedings if the agency's reasoning or its fact-finding process was sufficiently flawed. *See Li Hua Lin v. U.S. Dep't of Justice,* 453 F.3d 99, 110 (2d Cir.2006); *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *cf. Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 158–60 (2d Cir.2006) (declining to remand, notwithstanding IJ error, where the reviewing court could "confidently predict" that the same decision would be made on remand).

The IJ's rulings rested on three separate grounds. First, the IJ found that Sall failed to testify credibly concerning his identity and national origin. Second, the IJ determined that even if Sall were credible, he would not be entitled to relief because changes in country conditions in Mauritania had changed so dramatically that Sall no longer had a well-founded fear of future persecution were he to be repat-

riated there. Third, the IJ exercised his discretion to deny Sall's asylum application on the ground that Sall had found safe haven in Senegal before he emigrated to the United States.

The government concedes that, in light of recent decisions of this Court, the IJ's holdings concerning changed country conditions in Mauritania and Sall's alleged safe haven in Senegal were erroneous. *See Tambadou v. Gonzales,* 446 F.3d 298, 303–04 (2d Cir.2006) (remanding where immigration authorities relied on outdated country report on Mauritania and failed to undertake individualized analysis of petitioner's situation, including petitioner's presentation of contrary evidence); *Tandia v. Gonzales,* 437 F.3d 245, 248–49 (2d Cir.2006) (per curiam) (holding that an IJ could not deny asylum on the basis of safe haven in cases decided after repeal of regulation permitting such denials). Thus, the IJ's ruling must be remanded unless substantial evidence supports his adverse credibility determination.

█ The IJ's adverse credibility determination is itself undermined by two errors. First, the IJ found Sall's credibility was undermined by inconsistencies between his hearing testimony and earlier statements that Sall allegedly made to an asylum officer concerning his ID card. The asylum interview, however, apparently was not documented in the record before the IJ, nor is it available to us on review. The IJ's sole source for Sall's alleged statements to the asylum officer was an INS attorney's characterization of the statements—characterizations that Sall disputed at the hearing. As the government appears to concede, the IJ's reliance on the INS attorney's characterization of Sall's asylum interview constituted impermissible speculation and conjecture. *See Tandia,* 437 F.3d at 250.

Second, the IJ found inherently improbable Sall's claim that his aunt was able to obtain his identity papers after his house was raided by soldiers and he was expelled from the country. The IJ asserted that the soldiers, who allegedly raided Sall's house and expelled Sall and his family because the soldiers did not want to believe they were Mauritanians, would not have left behind the very type of documents that they would have been looking for and if found would have destroyed. But because there was no evidence in the record suggesting that the soldiers who expelled Sall and his family conducted a thorough search of Sall's family's house, much less that Sall's identity papers would have been found by the soldiers had they conducted a diligent search, the IJ's conclusion on this issue was impermissibly speculative. *See Zhou Yun Zhang v. INS,* 386 F.3d 66, 74 (2d Cir.2004).[1]

█ We conclude that a remand is necessary under the circumstances because the IJ's adverse credibility determination is tainted by error, and we cannot "state with confidence that the IJ would adhere to his decision were the petition remanded." *Xiao Ji Chen,* 434 F.3d at 161.[2] If the BIA decides to remand the case to the IJ, the IJ may seek further

---

1. In response to the IJ's questions concerning the survival of the identity documents, Sall testified that he guessed the soldiers "weren't able to find those documents because apparently they were kept in a safe place.... They just raided the place in a hurry and they left in a hurry so they didn't see them." The IJ did not ask any follow-up questions after Sall gave this response.

2. The record does support the IJ's conclusion that Sall's credibility was undermined by inconsistencies between his testimony and the birth certificate that he submitted with his asylum application. The IJ found Sall not to be credible because while he testified that his birth date was April 21, 1978, and that his birth certificate was issued in 1983 and used by him to register for school in 1984, Sall's

testimony from Sall concerning his identity papers and other matters potentially bearing on his credibility.[3]

For the foregoing reasons, we GRANT the petition in part, VACATE the BIA's decision in part, and REMAND to the BIA for further proceedings consistent with this decision. Any pending request for oral argument in the petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).

---

birth certificate lists his birth date as April 4, 1978, and indicates that it was issued in 1987. The IJ was entitled to find that this apparent contradiction undermined Sall's credibility, but we cannot know whether the IJ would have concluded that this issue, standing alone, would have supported his adverse credibility finding. The agency will be free to revisit this issue on remand.

3. We note that, on remand, the agency may supplement the record with reliable documentation of Sall's asylum interview, should such documentation exist. The agency will also be free to examine Sall further on an apparent implausibility concerning Sall's account of his forced departure from Mauritania. Sall testified that he grew up and received formal education in Kaedi, Mauritania, which is located on the Senegal River. Yet Sall could not name the river when asked about it during the hearing before the IJ. Because the IJ did not use this apparent implausibility as a basis for his credibility determination, we cannot use it to affirm the IJ's decision. The agency may, however, consider this issue further on remand.